UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ONEY HELLEMS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:12-CV-1967-JCH |
| | ) |
| JEFF NORMAN, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court is required to promptly review the petition and dismiss it if it appears from the face of the petition that petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4. Upon review, the Court finds that the petition must be summarily dismissed.

Petitioner pled guilty to Second Degree Robbery. On November 13, 2007, the state court sentenced petitioner to 20 years' imprisonment. During sentencing, the court found petitioner to be a "prior and persistent offender" under Missouri law, and petitioner's sentenced was enhanced accordingly.

Petitioner's sole ground for relief is that the state court erred in finding him to be a prior and persistent offender because the prosecutor failed to present the properly certified documents demonstrating his prior convictions.

Under 28 U.S.C. § 2254(a), a district court may entertain a petition for writ of habeas corpus only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); see Poe v. Caspari, 39 F.3d 204, 207 (8th Cir. 1994) ("Jurisdiction is no exception to the general rule that federal courts will not engage in collateral review of state court decisions based on state law."); Watts v. Bonneville, 879 F.2d 685, 687 (9th Cir. 1989) (alleged violation of state sentencing statute not cognizable in federal habeas proceedings). Whether petitioner was properly sentenced as a prior and persistent offender is purely a matter of state law and is non-cognizable in federal habeas proceedings. As a result, the petition will be summarily dismissed.

Furthermore, petitioner has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." Khaimov v. Crist, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted). Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 2254 Rule 4.

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 13th day of November, 2012.

/s/Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE